UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTON KING, JR.,

    v.

BANK OF NEW YORK, et al.,

    Defendant.

Civil Action No. 25-30127-MGM

MEMORANDUM & ORDER

July 17, 2025

MASTROIANNI, U.S.D.J.

    As Plaintiff has filed for leave to proceed *in forma pauperis*, this court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). This provision authorizes the court to dismiss an action commenced IFP if the proceeding is frivolous, fails to state a claim upon which relief may be granted, or seeks to recover a money judgment against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Similarly, under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* After reviewing the complaint and materials annexed thereto, the court grants the motion to proceed IFP, but orders this action dismissed for lack of subject matter jurisdiction.

    Plaintiff, now for the third time in a week, seeks to interfere with ongoing proceedings in the Massachusetts Housing Court. *See, e.g.,* Civil Action No. 25-cv-30123-MGM, Dkt. No. 6; Civil Action No. 24-cv-13025, Dkt. Nos. 35 & 36. While this most recent version of Plaintiff's complaint no longer includes a state housing court judge as a defendant, it continues to seek relief that would "needlessly inject the federal court into ongoing state proceedings." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (internal quotation marks omitted). Specifically, Plaintiff

asks this court to do as follows: (1) "[i]ssue a declaratory judgment that Defendants violated Plaintiff's rights"; (2) "[e]njoin the warehouser and Defendants from selling or disposing of Plaintiff's personal property"; (3) "[o]rder the return of property unlawfully taken"; and "[d]eclare the foreclosure and eviction proceedings void ab initio." (Dkt. No. 1 at 5.) Each of these requests qualifies as either interference with an ongoing state proceeding for purposes of the *Younger* abstention doctrine, or an impermissible request for this court to review a final state court judgment in violation of the *Rooker-Feldman* doctrine. *See Coggeshall*, 604 F.3d at 664 (discussing *Younger v. Harris,* 401 U.S. 37 (1971)); *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 63-65 (1st Cir. 2018) (discussing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). To the extent the complaint can be read as an attempt to assert new legal theories not presented to the state court in an effort at circumventing *Rooker-Feldman*, "[t]his is magical thinking: a plaintiff cannot escape the *Rooker-Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." *Klimowicz*, 907 F.3d at 66.

Furthermore, the court finds Plaintiff has engaged in a pattern of repetitive and frivolous filings with the impermissible aim of impeding the efficient administration of justice in the Massachusetts state courts. Therefore, Plaintiff is warned that any further frivolous filings in this court related to the subject matter of this case could result in the issuance of a filing injunction preventing him from any further filings related to this matter without written approval of this court. *See, e.g., Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio*, No. CV 23-10732-NMG, 2023 WL 4347330, at *2-3 (D. Mass. July 5, 2023), *aff'd sub nom. Raymond C. Green, Inc., Tr. of Raymond C. Green Tr. v. Fiorillo*, No. 23-1583, 2023 WL 11872882 (1st Cir. July 18, 2023).

Accordingly, the motion at Docket No. 2 is GRANTED. After screening, the complaint is dismissed for lack of subject matter jurisdiction. The motions at Docket Nos. 3 & 7 are therefore DENIED as moot. This matter may now be closed.

It is So Ordered.

       /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge